United States District Court
Southern District of Texas
**ENTERED**
September 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILBERTH ROMAN DAVILA GOMEZ, A#096044568, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-0464 |
| WARDEN TATE, Montgomery Processing Center, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Wilberth Roman Davila Gomez (A#096044568, former SPN #02069111), has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging his continued detention by immigration officials at the Montgomery Processing Center while awaiting his removal from the United States. Warden Randy Tate has filed Respondent's Motion to Dismiss, Alternatively, Motion for Summary Judgment ("Respondent's Motion") (Docket Entry No. 8) arguing that the petitioner is not entitled to relief. The petitioner has replied with Petitioner's Motion for Order to Show Cause in Support of Petition for Writ of Habeas Corpus and Incorporated Memorandum of Law ("Motion to Show Cause") (Docket Entry No. 10), to which the government has filed Respondent's Opposition to Petitioner's Motion to Show Cause ("Respondent's Opposition") (Docket Entry No. 11). The petitioner

has also filed a "Motion by Petitioner to [A]dd [R]espondents" (Docket Entry No. 9), which will be denied.[1]  After considering all of the pleadings and the applicable law, the court will grant Respondent's Motion and will dismiss this action for the reasons explained below.

## I.  **Background**

The petitioner is presently in custody at the Montgomery Processing Center in Conroe, Texas, awaiting removal from the United States to Nicaragua.[2]  The respondent has provided the following chronology of petitioner's underlying immigration proceedings, which resulted in the order of removal against him.[3]

On July 1, 2005, an Immigration and Customs Enforcement ("ICE") investigator with the United States Department of Homeland

---

[1]Although the petitioner seeks leave to add several other federal officials, Warden Tate is his immediate custodian and is therefore the only proper respondent for purposes of habeas corpus review.  See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) (reaffirming that in challenges to "present physical confinement" under 28 U.S.C. § 2241 it is "the immediate custodian, not a supervisory official who exercises legal control," who is the proper respondent); 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."  Id. at 2717.).

[2]Petition, Docket Entry No. 1, p. 1.  For purposes of identification all page numbers refer to the pagination imprinted at the top of each docket entry by the court's Electronic Case Filing ("ECF") system.

[3]Unless otherwise indicated the chronology in this section is based on the Declaration of Deportation Officer Daniel Marino ("Marino Declaration"), attached as Exhibit No. 2 to Respondent's Motion, Docket Entry No. 8-2, pp. 1-3.

Security encountered the petitioner while he was in custody on assault charges at the Harris County Jail in Houston, Texas, and lodged an immigration detainer against him. Public records confirm that the petitioner was convicted of the assault charges on August 25, 2005.[4]   The petitioner was charged with removability under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") and a final order of removal issued on September 20, 2005.[5] He was deported from the United States pursuant to that removal order on September 28, 2005.

On June 9, 2011, an agent encountered the petitioner while he was in custody at the Houston City Jail for a traffic violation and lodged another immigration detainer against him. The following day the petitioner was transferred to the Harris County Jail to face outstanding charges for assault of a family member. Public records confirm that the petitioner was convicted of those charges on October 6, 2011.[6]   On October 28, 2011, the petitioner was

---

[4]Judgment on Plea of Guilt . . . Before Court - Waiver of Jury Trial in Cause No. 983461, available through the Harris County District Clerk's Office at https://www. hcdistrictclerk.com (last visited Sept. 22, 2022). The court takes judicial notice of the petitioner's state court proceedings, which qualify as "matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

[5]An alien is subject to removal under § 237(a)(2)(A)(iii) of the INA, codified at 8 U.S.C. § 1227(a)(2)(A)(iii), for being convicted of an offense that qualifies as an "aggravated felony" under the immigration statutes at any time after admission.

[6]Judgment of Conviction by Court - Waiver of Jury Trial in Cause No. 110307701010, available through the Harris County
(continued...)

transferred to the custody of immigration officials, who moved to reinstate the removal order entered against him previously under § 212(a)(9)(A)(i) of the INA.  On November 23, 2011, the petitioner was deported from the United States a second time.

On May 17, 2014, an agent encountered the petitioner at the Harris County Jail while he was in custody for new criminal charges for assault of a family member.  Public records show that the petitioner was convicted of those charges on December 22, 2014, and sentenced to 15 months' imprisonment.[7]  Immigration officials moved to reinstate the previous removal order against him.

On June 10, 2015, the petitioner was charged by a grand jury in this district with illegal reentry into the United States following deportation in <u>United States v. Gomez,</u> No. 4:15-cr-310 (S.D. Tex.).  On September 9, 2015, the petitioner was convicted pursuant to his guilty plea and sentenced to six months in federal prison.  <u>See Gomez,</u> 4:15-cr-310 (Docket Entry No. 17).  On January 13, 2016, the petitioner was deported from the United States for a third time.

On July 30, 2021, the petitioner was apprehended by immigration officials following an encounter with law enforcement

---

[6](...continued)
District Clerk's Office at <u>https://www. hcdistrictclerk.com</u> (last visited Sept. 22, 2022).

[7]Judgment of Conviction By Court - Waiver of Jury Trial in Cause No. 143860701010, available through the Harris County District Clerk's Office at <u>https://www. hcdistrictclerk.com</u> (last visited Sept. 22, 2022).

in Missouri City, Texas.   That same day the petitioner was found inadmissible to the United States, and the removal order entered against him previously was reinstated under § 212(a)(9)(A)(i) of the INA.   He has remained in the custody of immigration officials since that time, awaiting removal to Nicaragua.

On February 10, 2022, the petitioner filed his habeas corpus Petition under 28 U.S.C. § 2241, seeking relief from prolonged confinement while awaiting his removal.[8]   He argues that his continued detention violates due process because his removal to Nicaragua is not reasonably foreseeable, and he seeks immediate release from custody pursuant to Zadvydas v. Davis, 121 S. Ct. 2491 (2001).[9]

The respondent moves to dismiss or in the alternative for summary judgment, arguing that the petitioner has not shown that he is entitled to relief under Zadvydas.[10]   The respondent argues that the petitioner's removal is likely to occur in the near future, noting that the Consulate of Nicaragua approved travel documents for him on February 16, 2022.[11]   While waiting for those travel documents to issue from the Nicaraguan government, immigration officials reviewed the petitioner's custody status on May 17, 2022,

---

[8]Petition, Docket Entry No. 1, pp. 6-7.

[9]Id. at 6.

[10]Respondent's Motion, Docket Entry No. 8, pp. 5-8.

[11]Marino Declaration, attached as Exhibit No. 2 to Respondent's Motion, Docket Entry No. 8-2, p. 3.

and determined that his detention would be continued based on his criminal record and history of illegal reentry.[12]   Because the petitioner's continued detention is authorized, the respondent argues that petitioner cannot establish a constitutional violation or show that he is entitled to habeas corpus relief.[13]   The parties' arguments are considered below under the applicable standards of review.

## II.   <u>Standards of Review</u>

### A.   Rule 12(b)(6)

The respondent moves to dismiss the Petition for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[14]   To withstand a motion to dismiss the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]"   <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1965 (2007).   If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed.   <u>Id.</u> at 1974.

---

[12]Decision to Continue Detention, Exhibit No. 3 to Respondent's Motion, Docket Entry No. 8-3, p. 1.

[13]Respondent's Motion, Docket Entry No. 8, pp. 5-8.

[14]The respondent also moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.   <u>See</u> Respondent's Motion, Docket Entry No. 8, pp. 1, 2, 5.   The Supreme Court has held that habeas corpus proceedings under 28 U.S.C. § 2241 are an available forum for statutory and constitutional challenges to post-removal detention. <u>See Zadvydas,</u> 121 S. Ct. at 2498.   Because the respondent has not briefed the issue or shown that subject matter jurisdiction is lacking, the court does not address this argument further.

The court is mindful of the fact that petitioner proceeds _pro se_ in this case. Courts are required to give a _pro se_ litigant's contentions, however inartfully pleaded, a liberal construction. _See Erickson v. Pardus_, 127 S. Ct. 2197, 2200 (2007) (per curiam); _see also Haines v. Kerner_, 92 S. Ct. 594, 595-96 (1972) (per curiam) (noting that allegations in a _pro se_ complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Nevertheless, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." _Ashcroft v. Iqbal_, 129 S. Ct. 1937, 1949 (2009) (citing _Twombly_, 127 S. Ct. at 1965).

## B.   Rule 56 and Habeas Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2021); _see also Celotex Corp. v. Catrett_, 106 S. Ct. 2548, 2552 (1986).

The respondent's motion for summary judgment must be considered in connection with the federal habeas corpus statutes.[15]

---

[15]Under the Rules Governing Section 2254 Proceedings in the United States District Courts ("Habeas Rules"), which also apply in habeas proceedings governed by 28 U.S.C. § 2241, the Federal Rules of Civil Procedure apply only to the extent that they are not (continued...)

See Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), abrogated on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004); see also Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).   To prevail in a case governed by the federal habeas corpus statutes a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"   28 U.S.C. § 2241(c)(3).   Thus, it is the petitioner's burden to demonstrate that a constitutional violation has occurred.   See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985)).

### III.   Discussion

A.   Petitioner's Claim Under Zadvydas

The petitioner argues that he is entitled to immediate release because he has been in custody for over six months and because there is no likelihood that he will be removed in the reasonably foreseeable future.[16]   This claim rests on the Supreme Court's decision in Zadvydas, 121 S. Ct. at 2504-05, which requires an

---

[15](...continued)
inconsistent with the Habeas Rules or any statutory provision.   See Rules 1(b) and 12 of the Habeas Rules.

[16]Petition, Docket Entry No. 1, p. 6.

immigration detainee's release in certain circumstances after the expiration of a presumptively reasonable six-month period of detention when there is no prospect of removal in the foreseeable future.

Once a removal order becomes "final," the Attorney General has ninety days to effect an alien's departure from the United States. 8 U.S.C. § 1231(a)(1)(A); Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006). Aliens shall be detained during the removal period. See 8 U.S.C. § 1231(a)(2). If an alien is not promptly removed within the removal period, then he may be eligible for supervised release until removal can be accomplished. See id. at § 1231(a)(3). Certain inadmissible or criminal aliens "may be detained beyond the removal period," or released under terms of supervision, while efforts continue. See id. at § 1231(a)(6).

In Zadvydas the Supreme Court held that the Fifth Amendment Due Process Clause does not permit indefinite detention lasting beyond six months past the ninety-day removal period found in § 1231(a). See Zadvydas, 121 S. Ct. at 2498, 2504-05. After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" Id. at 2505. The alien bears the burden of proof in showing that no such likelihood of removal exists. Id. Once this has been shown the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." Id.

The petitioner, who has been removed from the United States to Nicaragua on three previous occasions, does not allege facts or present any evidence showing that his removal is unlikely to occur in the foreseeable future. The respondent confirms that the Consulate of Nicaragua has approved travel documents for the petitioner's return and that there is good reason to believe that he will be removed as soon as those travel documents are issued by the Nicaraguan government.[17] Under these circumstances, the petitioner has not shown that his release is required under Zadvydas. See Andrade, 459 F.3d at 543 (observing that an alien's "conclusory statements" are insufficient to meet his burden to show that removal was not foreseeable). Accordingly, the petitioner is not entitled to relief on this claim.

**B.   Petitioner's Continued Detention is Lawful**

The respondent also argues that the petitioner's continued detention is lawful under 8 U.S.C. § 1231(a)(6).[18] This provision authorizes continued detention of certain aliens who pose a risk to

---

[17]Marino Declaration, attached as Exhibit No. 2 to Respondent's Motion, Docket Entry No. 8-2, p. 3.

[18]Respondent's Motion, Docket Entry No. 8, p. 6. The petitioner appears to believe that he is being held under 8 U.S.C. § 1226(c), which requires mandatory detention of "criminal aliens" who have been found inadmissible or deportable based on convictions for certain enumerated offenses. See Petitioner's Motion to Show Cause, Docket Entry No. 10, pp. 4-5. According to the respondent, however, this provision does not apply, and petitioner is properly detained under 8 U.S.C. § 1231(a)(6). See Respondent's Opposition, Docket Entry No. 11, p. 3.

the community or who are unlikely to comply with an order of removal.[19]   See id.   The petitioner's custody was reviewed and a decision made on May 17, 2022, to continue his detention while awaiting travel documents to issue from the Nicaraguan government due to his criminal record.[20]   Officials concluded that continued detention was warranted because the petitioner has several previous convictions for assault and for illegal reentry.[21]

The petitioner does not dispute that his criminal record includes multiple convictions for assault, including two assault offenses involving domestic violence.  The petitioner also does not dispute that he has failed to comply with previous orders of removal by returning to the United States without inspection several times.  The petitioner does not otherwise demonstrate that he was denied an opportunity to be heard during the review of his custody status or that he has been detained without due process.

---

[19]The provision under which the petitioner is detained provides as follows:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

[20]Decision to Continue Detention, Exhibit No. 3 to Respondent's Motion, Docket Entry No. 8-3, p. 1.

[21]Id.

-11-

See Mathews v. Eldridge, 96 S. Ct. 893, 902 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (internal quotations omitted).  Because the petitioner has not shown that his continued detention is unlawful, he is not entitled to relief on this claim.  Absent a valid claim for relief, Respondent's Motion will be granted and the Petition will be dismissed.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.    Respondent's Motion to Dismiss, Alternatively, Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED.**

2.    The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

3.    The Motion by Petitioner to Add Respondents (Docket Entry No. 9) and Petitioner's Motion for Order to Show Cause in Support of Petition for Writ of Habeas Corpus (Docket Entry No. 10) are **DENIED.**

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties of record.

**SIGNED** at Houston, Texas, on this 27th day of September, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE